```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                          03-CR-6075T
v.                                        05-CV-6404T

VINCENT WATSON,                           DECISION
                                          and ORDER
                Defendant.
_____
```

## INTRODUCTION

Petitioner, Vincent Watson ("Watson"), proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Watson seeks to have his sentence vacated, set aside or corrected claiming that his Sixth Amendment rights were violated because he was denied effective assistance of counsel. For the reasons that follow, the petition is denied.

## BACKGROUND

On September 26, 2003, Watson entered into a plea agreement in which he agreed to plead guilty to two counts of a four-count Indictment dated April 17, 2003 charging him with a violation of Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking crime, Title 21, United States Code, Section 841(a), possession with the intent to distribute crack cocaine, and Section 844, felony possession of crack cocaine, and Title 21, United States Code, Section 844(a), simple possession of marijuana. Pursuant to the Plea Agreement, Watson's plea of guilty was limited to a violation of Title 18

United States Code, Section 924(c)(1) (gun Count) and a violation of Title 21, United States Code, Section 841(a)(1) (drug Count).

Pursuant to ¶ 14 of the plea agreement, the parties agreed that, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court would impose a sentence of 157 months as the appropriate sentence in this case. Section VI of the plea agreement provided that, should the defendant Watson provide substantial assistance to the Government by way of cooperation, the Government may move for a reduction of his sentence pursuant to Guidelines § 5K1.1. Also an important aspect of the sentencing scheme, Watson also agreed that should he be sentenced within or less than the sentencing range of 157-181 months as set forth in ¶ 13 of the plea agreement, then he would not be permitted to either appeal or collaterally attack his sentence. By letter dated July 13, 2004, the Government moved for a downward departure based on Watson's cooperation pursuant to Guidelines § 5K1.1 and on July 26, 2004, this Court ultimately sentenced Watson to a term of incarceration of 145 months. No appeal was taken from the Judgment of Conviction.

On August 1, 2005, Watson filed this petition pursuant to 28 U.S.C. § 2255 to have his sentence vacated claiming he was denied effective assistance of counsel for counsel's advising him to plead guilty to a charge for which he was innocent and/or the elements could not have been proven and for counsel's failure to

file a motion to suppress evidence. On August 5, 2005, Watson filed a second petition pursuant to U.S.C. § 2255 based on the same claims as the first petition. By Order dated August 22, 2005, the two petitions were consolidated into a single proceeding.

## DISCUSSION

Section 2255 authorizes collateral relief when a "sentence was imposed in violation of the Constitution or laws of the United States," when the court "was without jurisdiction to impose such sentence," or when "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. §2255. Construing the limited range of issues subject to collateral review, the Supreme Court and the Second Circuit have held that "an error of law does not provide a basis for collateral attack (under §2255) unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235 (1979), quoting, Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962).

A. Knowing and Voluntary Waiver

Watson explicitly waived his right to appeal or collaterally attack any sentence within the stipulated guideline range. (See Agreement at ¶15) "A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range is generally enforceable." United States v. Garcia, 166 F.3d 519, 521 (2d Cir.

1999); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)(holding waivers of collateral attacks under §2255 are similarly enforceable). "When the government negotiates a plea agreement with a defendant that includes waiver of the right to appeal, one benefit the government is supposed to receive . . . is freedom from having to address post-conviction arguments." Latham v. United States, 164 F.Supp.2d 365, 367 (S.D.N.Y. 2001). It "would render the plea bargaining process and the resulting agreement meaningless" if a defendant could appeal a sentence that conforms with the plea agreement. United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

In only very limited circumstances will a court not enforce a waiver of appellate rights, such as if the petitioner did not make the waiver knowingly, voluntarily, or competently; the sentence was based on constitutionally impermissible factors; or the sentencing court failed to explain a rationale for its sentence. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). A defendant's decision to waive his right to appeal is not enforceable when "the waiver was the result of ineffective assistance of counsel." Monzon at 118-119. None of these circumstances exists here. Watson's agreement was entered into knowingly and voluntarily, and with awareness of his waiver of

appeal and collateral attack. <u>United States v. Stevens</u>, 66 F.3d 431, 437 (2d Cir. 1995).

Prior to accepting petitioner's plea, the Court placed petitioner under oath and determined that he was competent to enter a plea. (<u>See</u> Plea at 4) The Court determined that petitioner had sufficient time to discuss the case with his attorney and that he was satisfied with his attorney. (<u>See</u> Plea at 4-5) Petitioner acknowledged that he fully understood the plea agreement and that he was pleading voluntarily. (Plea at 4-6) The Court focused petitioner's attention on the waiver provision in the plea agreement and ensured petitioner's understanding that he was waiving his rights to both appeal and to collaterally attack the sentence. (Plea at 7) The Court informed Watson of the consequences of pleading guilty and that the sentence of incarceration would be 157 months. (Plea at 6) The Court specifically advised Watson that it was entirely in the Court's discretion whether to accept a downward departure motion and that he was agreeing to forfeit his gun, ammunition and cash. (Plea at 7-8) In view of his statements at the plea hearing, the Court concluded that petitioner knowingly waived his right to collaterally attack his sentence under §2255.

    B.   <u>Ineffective Assistance of Counsel</u>

Even if this petition were not specifically prohibited by petitioner's plea agreement, each of his arguments nonetheless fails. Watson argues that his attorney was ineffective for

advising him to plead guilty because the elements of 18 U.S.C. §924(c) were not established.  He claims that there was no evidence to show a relationship between his selling drugs and possession of the gun.  Watson also claims his attorney was ineffective for allowing him to forfeit money that was not proven to be related to drug sales.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms", and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional efforts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984).  See also, Rompilla v. Beard, __ U.S. __, __, 125 S.Ct. 2456, 2462; Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527 (2003).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential." Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance. Strickland, 466 U.S. at 689-90. In the context of a guilty plea, the Strickland test requires that petitioner show that the advice he received from counsel was not within the range of competence of attorneys in criminal cases and that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 57, 58-59, 106 S.Ct. 366 (1985).

Petitioner fails to establish both prongs of the Strickland test. As detailed above, the plea agreement was voluntary and knowing and petitioner benefitted from a sentence that was 12 months less than the agreed upon 157 month sentence set forth in the plea agreement. Petitioner argues that because the 9 mm semi-automatic rifle with ammunition was found at one location and the cocaine in another, that there was no nexus to support the charge of possession of a weapon in furtherance of a drug trafficking crime. To be convicted under Section 924(c), it is sufficient for the Government to establish that the defendant knowingly possessed a firearm in furtherance of a drug crime. United States v. Finley, 245 F.3d 199, 203 (2d Cir. 2001).

Watson specifically admitted, during the plea colloquy and in the plea agreement, that on March 4, 2003, in Rochester, New York, he knowingly and intentionally possessed with intent to distribute a mixture of substance containing a detectable amount of cocaine

base at two addresses under his custody and control, to wit: 426 Avenue D and 41 Copeland Street. Defendant also admitted, both in the plea colloquy and the plea agreement, that he knowingly and willfully possessed a firearm, namely one Jennings 9mm semi-automatic rifle, bearing serial number 770477 and $3,560 in United States currency in his possession, both of which were in furtherance of a drug trafficking crime, to wit: unlawful possession with intent to distribute cocaine base in violation of Title 21, United States Code § 841(a)(1) as charged in Count II of the Indictment.  Plea Agreement ¶ 5, Plea Colloquy at 9. Immediately after confirming these admissions to the Court, petitioner again assured the Court that he was not being threatened or forced in any way to plead guilty, and that his plea was voluntary after consulting with his attorney.  Therefore, this testimony at the plea hearing confirmed his possession of both the weapon and cocaine to support the charge of possession of a weapon in furtherance of a drug trafficking crime in violation of 18 United States Code 924(c).

Similarly, plaintiff's claim of ineffective assistance of counsel fails on his claim that the cash found did not relate to drug trafficking.  Petitioner specifically admitted during plea colloquy that he agreed to forfeit the cash in the amount of $3,560. (Plea at 8) Moreover, Watson signed the Plea Agreement which specifically states that he "waives any other right he may

possess to contest that forfeiture." Plea Agreement at 17[1]. It was not unreasonable for counsel to recommend the forfeiture of this sum of money under the terms of the plea agreement since petitioner agreed to plead guilty to two counts of a four count indictment thereby reducing exposure to the maximum period of incarceration to 157 months instead of 228 months.

Next, Watson argues that his attorney was ineffective for failure to file a suppression motion to suppress admission of the gun and drugs as evidence on the basis that there was no probable cause to support a search warrant. This challenge is not cognizable in a federal habeas corpus petition because petitioner waived any pre-plea ineffective assistance of counsel claims when he entered his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602 (1973). Petitioner's claim of ineffective assistance of counsel on this grounds is barred under the rationale of Tollett.

---

[1] "The Court: And also there is a forfeiture aspect to this, the gun and ammunition are forfeited. You'll never see those again. Do you understand that?
   The defendant: Yes."
   Plea at page 8

CONCLUSION

Because petitioner's guilty plea was knowing and voluntary and petitioner's claim of ineffective assistance of counsel fails to demonstrate prejudice, the petition for a writ of habeas corpus is dismissed.  Because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. §2253 and Fed.R.App.P. 22(b), this Court denies a certificate of probably cause.  Finally, because it appears that any appeal would not be taken in good faith, leave to appeal in forma pauperis will be denied.

ALL OF THE ABOVE IS SO ORDERED

S/Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

DATE: May 1, 2006
Rochester, New York